21-2886-cv
*Stark v. City of New York*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

   At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand twenty-three.

PRESENT:  JOSÉ A. CABRANES,
      ROSEMARY S. POOLER,
      WILLIAM J. NARDINI,
         *Circuit Judges.*

---

MOSHE STARK,

     *Plaintiff-Appellant,*         21-2886-cv

     v.

CITY OF NEW YORK, NYPD DETECTIVE ESTEVEZ,

     *Defendants-Appellees.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | ROB RICKNER, Rickner PLLC, New York, NY. |
| **FOR DEFENDANTS-APPELLEES:** | DEBORAH E. WASSEL (Richard P. Dearing, Ingrid R. Gustafson, *on the brief*), *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York City Law Department, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York. (William F. Kuntz, II, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Moshe Stark ("Stark," or "Plaintiff") appeals from the October 27, 2021 judgment of the District Court granting a motion for summary judgment for Defendants-Appellees the City of New York and NYPD Detective Ileen Estevez (jointly, "Defendants") in Plaintiff's 42 U.S.C. § 1983 suit for false arrest. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's decision granting summary judgment de novo, and will affirm only if the record, viewed in the light most favorable to the non-movant, shows no 'genuine dispute of material fact' and demonstrates 'the movant's entitlement to judgment as a matter of law.'" *FIH, LLC v. Foundation Capital Partners LLC*, 920 F.3d 134, 140 (2d Cir. 2019) (quoting *Ace Partners, LLC v. Town of E. Hartford*, 883 F.3d 190, 194–95 (2d Cir. 2018)).

For the reasons set forth below, we affirm the District Court's judgment.

## I.  Background

On May 28, 2018, David Grossman filed a criminal complaint with the NYPD against Stark, alleging that, on the evening of May 27, Stark assaulted Grossman outside of Grossman's home and damaged his property. JA 208. Three days later, on May 31, Det. Estevez interviewed Grossman regarding his complaint, *id.* at 31, and on June 2, Det. Estevez informed Plaintiff on a phone call that Grossman had accused Plaintiff of having hit Grossman with a power drill, *id.* at 24. During that call, Plaintiff denied hitting anyone. *Id.* at 125.

Following the June 2 call, Plaintiff searched for surveillance footage and located video of the incident recorded on a neighboring building's security camera. *Id.* at 129. After obtaining the relevant footage, Plaintiff gave the video to his attorney, Charles Finkelstein, *id.* at 177, who in turn recounts that, prior to June 12, he told Det. Estevez: "I have a video that I would like her to see that I believe will exonerate my client as not the person who bent any wipers to the car. Surely the complainant was not struck by anything," *id.* at 178.

On June 12, at approximately 9:30 A.M., Plaintiff and Finkelstein entered the 66th Precinct. *Id.* at 198. Finkelstein recalls speaking with Det. Estevez in a detective squad room to request that she "look at this video before [she] do[es] anything" because it would exonerate Stark. *Id.* at 179. He further recounts that Det. Estevez did not watch the video and instead asked him "to step back outside." *Id.* Immediately thereafter, Plaintiff was placed under arrest. *Id.*

## II.    Discussion

The District Court concluded that Det. Estevez had probable cause to arrest Stark on June 12. *Id.* at 213. The District Court determined, first, that on May 31, 2018, Det. Estevez "already had probable cause to arrest Plaintiff . . . based on Mr. Grossman's complaint and interview," and second, that "once Detective Estevez had probable cause to arrest Plaintiff . . . she did not have a duty to watch a video which would have purportedly exculpated Plaintiff." *Id.* at 213–14. The District Court also concluded that even if the facts were insufficient to support probable cause, they were surely adequate to support "arguable probable cause." *Id.* 214. Having determined that there was no unconstitutional arrest, the District Court also dismissed Plaintiff's municipal liability claim against the City of New York. *Id.* at 215.

Probable cause exists for a warrantless arrest where the officer "is in possession of 'reasonably trustworthy information [concerning] facts and circumstances sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" *United States v. Pabon*, 871 F.3d 164, 174 (2d Cir. 2017) (quoting *Walczyk v. Rio*, 496 F.3d 139, 156 (2d Cir. 2007)). Employing a "fluid and contextual" standard, we "must examine the totality of the circumstances." *Id.* (quoting *United States v. Delossantos*, 536 F.3d 155, 159 (2d Cir. 2008)). In so doing, we "consider the circumstances from the perspective of an objectively reasonable police officer, recognizing that the officer is entitled to draw reasonable inferences on the basis of h[er] prior experience." *Id.*

Even where an officer lacks probable cause, qualified immunity shields her from 42 U.S.C. § 1983 liability if she has "arguable probable cause." *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) (internal quotation marks omitted). We have held that probable cause is "arguable" "if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Figueroa v. Mazza*, 825 F.3d 89, 100 (2d Cir. 2016) (quoting *Zalaski v. City of Hartford*, 723 F.3d 382, 390 (2d Cir. 2013)).

In reviewing the record de novo, we agree with the District Court's conclusion that as of Det. Estevez's May 31 interview of Grossman, she had probable cause to arrest Plaintiff. JA 212. At that time, she had no reason to doubt Grossman's account. *See Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995).

We need not take a position, however, on the District Court's ruling that Det. Estevez had no duty to watch the surveillance video before arresting Stark. *See Triolo v. Nassau Cnty.*, 24 F.4th 98, 107 (2d Cir. 2022) ("[A]lthough [the detective] had no duty to seek it out, [Det.] Lee was not free to disregard the plainly exculpatory evidence that was presented to him."). In the absence of exigent circumstances, she had a duty to consider "any new or corrective information that reasonably would have affected [her] initial decision [that probable cause existed]." *United States v. Marin-Buitrago*, 734 F.2d 889, 893 (2d Cir. 1984) ("Failure to apprise the magistrate of such information would result in the invalidation of the warrant."); *Pabon*, 871 F.3d at 175 (explaining that although "*Marin–Buitrago*

3

dealt with the standards for issuance of a search warrant, the same logic applies in evaluating whether probable cause exists for a warrantless arrest"); *cf. Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) ("[T]he arresting officer does not have to prove plaintiff's version wrong before arresting him."); *Stansbury v. Wertman*, 721 F.3d 84, 94 (2d Cir. 2013) ("[S]ome exculpatory evidence does not make an arrest illegal when the totality of evidence still establishes probable cause to believe that the suspect committed the crime.").

Even assuming that Det. Estevez was presented with the surveillance footage (a disputed fact), that she had a duty to watch the footage (a determination we need not make), and that she violated this duty, we conclude that qualified immunity shields Det. Estevez because her counterfactual pre-arrest review of the surveillance footage would not have dissipated "arguable probable cause." *Cf. Escalera v. Lunn*, 361 F.3d 737, 743–44 (2d Cir. 2004) (noting that under the "corrected affidavits doctrine," courts "look to the hypothetical contents of a 'corrected' application to determine whether a proper warrant application . . . would still have been sufficient to support arguable probable cause"). Although Plaintiff contends that the footage contradicts some of Grossman's account, Pl. Br. 4–5, 15–16, the recording nonetheless shows Stark outside of Grossman's home with a drill, the weapon Grossman claims he was assaulted with, and places Stark and Grossman together on the night of the alleged incident. Because "officers of reasonable competence could disagree on whether the probable cause test was met" after having reviewed the footage, *Figueroa*, 825 F.3d at 100, we conclude that Det. Estevez had "arguable probable cause" to arrest Plaintiff.

### III.    Conclusion

We have reviewed all of the arguments raised by Stark on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4